## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## NORTHERN DIVISION

| | |
|---|---|
| DAPHNE KYLES-SMITH, | * |
| | * |
| **Plaintiff,** | * |
| v. | * |
| | * |
| **FLORIDA DEPARTMENT OF** | *   Case Number: 3:03-cv-33/LAC/MD |
| **CORRECTIONS, a public agency,** | * |
| | * |
| **Defendant.** | * |

### AMENDED COMPLAINT

Plaintiff amends her initial complaint to name additional individuals as defendants, and to assert two additional claims. Following this amendment, the style of this cause will be:

| | |
|---|---|
| **DAPHNE KYLES-SMITH,** | * |
| | * |
| **Plaintiff,** | * |
| v. | * |
| | *   **Case No.: 3:03CV33 LAC/MD** |
| **FLORIDA DEPARTMENT OF** | * |
| **CORRECTIONS, a public agency,** | * |
| **TIMOTHY CANNON, and JAMES** | * |
| **DICKS,** | * |
| **Defendants.** | * |

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is an action seeking principally declaratory and injunctive relief, compensatory damages, and other relief to redress discrimination in employment on the basis of race and retaliation. This





1

action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq., as amended by the Civil Rights Act of 1991, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. Section 1983.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343.

## II

## **PARTIES**

1. Plaintiff, Daphne Kyles-Smith, is an African-American citizen of the United States, and a resident citizen of Escambia County, Florida. Plaintiff has been employed with the Defendant as a Corrections Officer for approximately six (6) years. She has been assigned to the Santa Rosa County Correctional Facility in Milton, Florida for the entire span of her employment with the Defendant agency.

2. Defendant Florida Department of Corrections is an agency of the State of Florida that maintains and operates correctional facilities throughout the State of Florida, including the correctional facility located in Santa Rosa County, where Plaintiff is employed.

This Defendant is an employer within the meaning of 42 U.S.C. Section 2000e-(b) in that the Defendant is engaged in an industry affecting commerce, and employs over fifteen (15) individuals.

3. Defendant Timothy Cannon was formerly employed by the agency as a Colonel at the Santa Rosa County facility in Milton, Florida, and as such, he had primary decision making authority over the Corrections Officers at that location, including the Plaintiff. This defendant is sued in his individual capacity.

4. Defendant James Dicks is employed by the agency as a Captain at the Santa Rosa

County facility in Milton, Florida, and as such, he provided third level supervision over Corrections Officers such as Plaintiff. This defendant is sued in his individual capacity.

## III

## FACTUAL ALLEGATIONS

5. Plaintiff's employment with the Defendant was routine and uneventful for the first two to three years on the job. However, in or about her third or fourth year with the Department of Corrections she and several other African-American Corrections Officers begin hearing on a regular basis that certain white officers were attempting to "set them up" with the assistance of various inmates.

6. These rumors stated following the termination of an African American Officer for allegedly bring contraband into the Santa Rosa facility, and initially Plaintiff did not give much thought to what she had been hearing from the inmates. She attributed the information regarding a "setup" to simply "prison gossip," which inmates were often engage in.

7. However, in or about the latter part of 2001, Plaintiff was approached by several white officers, including Captain James Dicks, with the same information and warnings that she had previously discounted when it originated from the prison inmates.

8. Fearing for her safety, and concerned that follow officers would be involved in such activity, Plaintiff filed an official Incident Report with the Department of Corrections on January 10, 2002.

9. On January 14, 2002, the Chief Correctional Officer at the Santa Rosa facility, Col Timothy Cannon, advised Plaintiff that an Inspector Dan King would be investigating the matters set out in her Incident Report, and that interviews would be conducted of "all involved" during the week

of January 14.

10. Also, during this same period of time, the Warden of the facility stated that the Inspector General's office had opened other cases concerning "similar accusations involving staff," suggesting that he was aware of the matters set out in Plaintiff's Report even before she filed an official complaint.

11. Plaintiff was advised that she and Officers Blount and Goodwin had been targeted because Officer Melissa Rogers stated that she "hated those black bitches."

12. Following the filing of Plaintiff's Incident Report she was involuntarily transferred from her regular 7 a.m. to 3 p.m. shift, to the night shift (11:00 pm to 7:00 a.m.) even though her supervisors were well aware of her child care needs requiring day time work hours. Further, Plaintiff had been on day shift for approximately three years prior to this forced transfer occurred.

13. Since the filing of the Incident Report, and the subsequent filing of an EEOC Charge of discrimination, Plaintiff has been continuously harassed by white officers including several Sergeants and Captains who have authority over her duty assignments, all with the full knowledge and consent of Defendant Dicks and Cannon.

14. Following Plaintiff's complaints, she and other African-American officers have been given the worst assignments on a regular basis as further harassment and in retaliation for speaking out about the hostile racial atmosphere at the Santa Rosa Correctional Institution.

15. Despite their knowledge of the unlawful actions on the part of certain white officers, neither Col. Cannon or Captain Dicks took any steps to terminate the unlawful activity, or to counsel employees in general that such conduct was not acceptable at that facility.

16. The Defendant's agents and employees have made Plaintiff's work environment so

4

hostile and undesirable with the ultimate goal of forcing her resignation from the department.

17.   Despite Plaintiff's complaints to management about mistreatment, the extreme mental harassment has been allowed to continue against Plaintiff and others who associate with her.

18.   Due to the actions of the Defendants, Plaintiff has suffered extreme anxiety and stress resulting in the need of medical care and lost time from her employment.

19.   As a result of Plaintiff's increase reliance on sick leave, she was suspended multiple time, and ultimately terminated in September 2003, due to "excessive absenteeism."

20.   Plaintiff contends that her suspensions and termination is discriminatory and retaliatory in that white male officers have used much more leave time then she, but yet they have not been terminated, or suffered any adverse job action.

21.   Plaintiff alleges that the individual defendants course of action against her constitutes an unlawful violation of her constitutional right to equal protection, and as state officials, their acts constitute a policy and/or practice of the agency to discriminate against Plaintiff base on her race, and to retaliate against her for seeking to protect her rights.

## IV

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22.   Plaintiff has submitted a Charge of Discrimination with the Equal Employment Opportunity Commission's Regional Office in Tampa, Florida, and following an investigation this Federal Agency has determined that "the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of Title VII has occurred."

23.   Plaintiff has now received her Notice of Right to Sue, and now files this Complaint

within 90 days of her receipt of the said Notice of Right to Sue. Plaintiff has therefore exhausted all administrative remedies.

## COUNT ONE

Because of its actions as outlined above, the Defendant Agency has engaged in unlawful racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

## COUNT TWO

Because of its actions as outlined above, the Defendant Agency has engaged in unlawful retaliation in employment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

## COUNT THREE

As state officials, and because of their actions and inactions as outlined above, the individual defendants have engaged in unlawful racial discrimination in employment under color of law, as part of a policy or practice of the Florida Department of Corrections, in violation of the Equal Protection Clause, and 42 U.S.C. Section 1983.

## COUNT FOUR

As state officials, and because of their actions as outlined above, the individual defendants have engaged in unlawful retaliation, under color of law, as part of a policy or practice of the Florida Department of Corrections, in violation of the Equal Protection Clause, and 42 U.S.C. Section 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that the Defendant agency discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

(b) A declaratory judgment that the Defendant agency retaliated against Plaintiff because she engaged in protected activity in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

© A declaratory judgment that the individual Defendants, Cannon and Dicks, have engaged in unlawful racial discrimination in employment and retaliation in violation of the the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. Section 1983.

(d) Enjoin the defendants from engaging in discriminatory conduct, and order that Plaintiff be reinstated and provided all benefits denied her due to the defendants unlawful conduct.

(e) Award Plaintiff $300,000.00, as compensatory damages for the mental suffering and humiliation she experience as a result of the defendant agency's unlawful conduct;

(f) Award Plaintiff $500,000.00 as compensatory damages for the mental suffering and humiliation she experience as a result of the individual defendants' unlawful conduct;

(g) Award Plaintiff her costs and expenses in bringing this action, including a reasonable attorney's fee; and,

(h) Award such other alternate relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED.**

Respectfully submitted,

_____
**RONNIE L. WILLIAMS**
Florida Bar No.:0299936
Attorney for Plaintiff Daphne Kyles-Smith
814 St. Francis Street
Mobile, Alabama 36602
Tel: (251) 432-6985   Fax: (251) 432-6987

## **CERTIFICATE OF SERVICE**

The undersigned, by affixing his signature below, certifies that he has served a copy of this Amended Complaint on counsel for all parties to this proceeding, by U. S. Mail, First Class postage pre-paid, on this 24th day of October, 2003, as follows:

Linda H. Wade,
Attorney for Department of Corrections
Florida Bar #655317
SCHOFIELD & WADE
25 W. Cedar Street - Suite 450
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755

_____
RONNIE L. WILLIAMS

INDIVIDUAL DEFENDANTS MAY BE SERVED AT:

Florida Department of Corrections
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, Florida 32583