IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

DAPHNE KYLES-SMITH,

    Plaintiff,

v.                                                                       Case No. 3:03cv33/LAC

FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

**ORDER ON FEES AND COSTS**

FEES

    Before the Court is Defendant's Motion for Attorney's Fees (Doc. 82), to which Plaintiff has filed a response (Doc. 86). Defendant asserts that it should be awarded attorney's fees as a prevailing party in this case and because the Court granted its motion for directed verdict at the close of the Plaintiff's case at trial.

    In directing the verdict, the Court determined that Plaintiff had failed to establish a prima facie case of racial discrimination, a racially hostile work environment, or retaliation,

finding "no evidence whatsoever" to underpin any of these claims beyond the Plaintiff's own subjective belief.  Doc. 80 at 113-14.  Accordingly, the Court found Plaintiff's case to be "absolutely frivolous."  *Id.* at 114.

The Court may award attorney's fees to a prevailing defendant in a Title VII action "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Christiansburg Garment Company v. The E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700-701, 54 L.Ed.2d 648 (1978).  Rather than determining in hindsight that the claim was simply unsuccessful, or even unfavorable or questionable, the Court must find that the case was "so lacking in arguable merit as to be groundless or without foundation."  *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1188-89 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)); *see also Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999).  Further,

> Cases where findings of "frivolity" have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed.R.Civ.P. 41(b) motion for involuntary dismissal.  In these cases, the plaintiffs did not introduce any evidence to support their claims.  In cases where the plaintiffs introduced evidence sufficient to support their claims, findings of frivolity typically do not stand.
> Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.  While these general guidelines can be discerned from the case law, they are general guidelines only, not hard and fast rules.  Determinations regarding frivolity are to be made on a case-by-case basis.

*Sullivan*, 773 F.2d at 1189 (citations omitted).

Applying the standards above to this case, the Court finds that attorney's fees should be awarded. As the Court found when it directed the verdict against Plaintiff, this case was completely bereft of evidence necessary to establish a prima facie case under Title VII; the Court therefore concludes that Plaintiff's claims were groundless. Although the case did go to trial, no summary judgment motion having been filed, it was not a "full blown" trial since the Defendant was not required to present its case, and in any event this factor alone does not require that attorney's fees be denied. *See id.* at 1189. Although Plaintiff may additionally argue that she had received an EEOC determination of probable cause and that a key witness was not available for trial, "a plaintiff may be assessed fees if [s]he continues to litigate a once colorable claim after it becomes obvious that the claim is frivolous, unreasonable, or groundless." *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305, 1310 (M.D. Fla. 2002) Christiansburg, 434 U.S. at 422, 98 S.Ct. 694.

While the Court will therefore award attorney's fees, it will not award the entire amount requested because of Defendant's failure in part to abide by the local rules. In order to receive fees, the party seeking such an award must maintain a detailed record of the time that the party's attorney devoted to the case. *See* N.D. FLA. LOC. R. 54.1(B)(1). The party must also "[f]ile a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month." N.D. FLA. LOC. R. 54.1(B)(2). Furthermore, failure to comply with the above requirements

"will result in attorneys' fees being disallowed for the required reporting period." N.D. FLA. LOC. R. 54.1(B)(5); *see also Johnson v. Mortham*, 950 F. Supp. 1117, 1125 (N.D. Fla. 1996) ("Subsection (B) of [Local Rule 54.1] provides detailed instructions on when and how attorney's fees time records are to be filed. Thus, it is obvious that failure to timely comply with the filing requirements under Local Rule 54.1 can result in a denial of a motion for attorney's fees."). In Paragraph 9 of the Court's July 7, 2003, scheduling order, the parties were reminded of these requirements and informed that failure to comply would result in denial of attorney's fees.

Defendant filed only one time record in this case, on June 23, 2004, to account for the months of May and June of 2004. While this filing is considered timely for the June time records, it is untimely as to the May hours. Defendant's attorney's fees for hours worked in May must be therefore be disallowed pursuant to Local Rule 54.1(B)(5).

COSTS

Also before the Court is Defendant's motion for taxable costs (doc. 81) under 28 U.S.C. § 1920, to which Plaintiff has filed objections (doc. 83) to various cost requests in the motion.

Plaintiff first objects to Defendant's request for the costs of an expert witness and contends instead that this cost can only be recovered at the $40.00 per day rate designated for witnesses in general. The Court agrees. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*,

482 U.S. 437, 442, 107 S.Ct. 2494, 2497-98, 96 L.Ed.2d 385 (1987). Therefore, Defendant's fee request of $825.00 for Dr. Kurt Jones' deposition attendance (Item # 26) will be reduced by $785.00.

Second, Plaintiff objects to Defendant's request for its portion of the costs of mediation. The Court agrees with Plaintiff's contention that these costs have already been fairly apportioned between the parties. $300.00 (Item # 25) will therefore be deducted from Defendant's cost requests.

Third, Plaintiff complains about costs associated with photocopies of depositions and other documents that were made for the convenience or benefit of other witnesses. Costs incurred for convenience or as a preparation aid are not "necessarily obtained for use in the case" and are therefore unrecoverable. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). While Plaintiff objects to many of the itemized costs on this basis, the Court finds only Item Numbers 8-11 and 16 represent photocopies intended as aid for other witnesses. Accordingly, Defendant's request will be reduced by $156.96.

Fourth, Plaintiff objects to the costs related to videotaping of her deposition (Item # 3). As Plaintiff asserts, without her consent, these costs may not be recovered. *See Technical Resource Services, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458 (11th Cir. 1998); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir. 1996). Defendant's costs will therefore be reduced by $575.00.

Fifth, Plaintiff objects to deposition costs associated with three witnesses who were employees of the Defendant. Because Plaintiff identified these three witnesses on her own witness list, her objection is invalid. *See W&O, Inc.*, 213 F.3d at 621; *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445 (7th Cir. 1998).

Finally, Plaintiff asks that the Court consider her ailing financial status in determining the amount of costs. *See Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, given the Court's earlier findings regarding the groundlessness of Plaintiff's claims, and the fact that Plaintiff's assertion of indigence is wholly conclusory, *see id*. (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)), the Court declines to lessen the award of costs on this basis.

In sum, Defendant's request for costs in the amount of $5,150.59 will be reduced as discussed above by $1816.96. Defendant will therefore be awarded costs in the amount of $3333.63.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Attorney's Fees (Doc. 82) is hereby **GRANTED** only to the extent that Defendant will be entitled to such fees for work rendered during the month of June, 2004. In accordance with Local Rule 54.1(E), Defendant shall file the necessary documentation to request the award of such fees.

2. Defendant's motion for taxable costs (doc. 81) is **GRANTED** to the extent that Defendant is awarded costs in the amount of $3333.63.

**ORDERED** on this 9th day of August, 2004.

                                                          s/ *L.A. Collier*
                                                     Lacey A. Collier
                                       Senior United States District Judge